# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RAUL CORTES-GUTIERREZ,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1030

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Raul Cortes-Gutierrez (Cortes) appeals his bottom-of-the-guideline-range sentence of 57 months of imprisonment imposed following his guilty plea conviction for illegal reentry following deportation. Cortes argues that his sentence is unreasonable because the illegal reentry guideline, U.S.S.G. § 2L1.2, overstates the seriousness of the offense and fails to take into account his personal circumstances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51018

This court reviews the substantive reasonableness of a sentence for an abuse of discretion.[1]  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."[2]

As Cortes concedes, his argument that this court should not apply the presumption of reasonableness because § 2L1.2 is not empirically based is foreclosed by this court; however, he wishes to preserve the issue for possible further review by the Supreme Court.[3]  The court has also rejected his arguments that double-counting his prior convictions necessarily renders a sentence unreasonable and that the Guidelines overstate the seriousness of illegal reentry because it is simply a nonviolent international trespass offense.[4]

The district court considered Cortes's mitigating arguments, including his problem with a drug addiction, and reasonably determined that his drug-trafficking activities diminished the validity of the addiction argument. Cortes's criminal history supported the district court's rejection of Cortes's assertion that a lesser sentence would have been a sufficient deterrent.  Nor was Cortes's alleged benign motive to support his family sufficient to justify a lower sentence or to rebut the presumption of reasonableness.[5]

Cortes has not rebutted the presumption of reasonableness or shown that the district court abused its discretion in evaluating the sentencing factors.[6]  The sentence is substantively reasonable and, thus, is AFFIRMED.[7]

---

[1] *United States v. Cisneros-Gutierrez*, 517 F.3d 751,764 (5th Cir. 2008).

[2] *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (per curiam).

[3] *See United States v. Duarte*, 569 F.3d 528, 528-31 (5th Cir. 2009).

[4] *See id.* at 529-30; *United States v. Aguirre-Villa*, 460 F.3d 681, 682-83 (5th Cir. 2006) (per curiam).

[5] *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

[6] *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

[7] *See Cisneros-Gutierrez*, 517 F.3d at 764.